UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**Janice E. Burke,**

                                          **Plaintiff,**

                                     V.                                          04-CV-1430 (NAM)

**NEW VENTURE GEAR INC., Jesse H. Hall, Scott Stanton, President of UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA LOCAL 624, and Stephen Yokich, President of the INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA,**

                                         **Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

Janice E. Burke
Plaintiff *pro se*

Hancock and Estabrook LLP
John T. McCann, Esq., of Counsel
1500 MONY Tower I
Syracuse, New York 13221
Attorneys for Defendant New Venture Gear, Inc.

Office of George S. Mehallow
George S. Mehallow, Esq., of Counsel
2700 Bellevue Avenue
Syracuse, New York 13219
Attorney for Defendant Jesse H. Hall

Blitman & King LLP
Kenneth L. Wagner, Esq., of Counsel
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204-1415
Attorneys for Defendants United Automobile, Aerospace and
Agricultural Implement Workers of America Local 624, and
International Union, United Automobile, Aerospace and
Agricultural Implement Workers of America.

Hon. Norman A. Mordue, D.J.:

**MEMORANDUM-DECISION AND ORDER**

### INTRODUCTION

In this employment discrimination action, defendant Jesse H. Hall moves to dismiss the *pro se* amended complaint against him on the ground that it fails to state a cause of action. *See* Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Court grants the motion.

### BACKGROUND

Plaintiff, an African-American female, worked as a machine operator at defendant New Venture Gear, Inc. ("employer")[1] from September 27, 1997, to May 13, 2005. She claims that during the period of employment, she was subjected to sexual harassment and discrimination by defendant Hall, her supervisor. She alleges that he engaged in conduct such as standing inappropriately close to her, interjecting sexual innuendos into their conversations, commenting on her physical appearance, and arranging meetings so that she would be alone with him. Plaintiff further alleges that after she complained about his conduct, defendant Hall subjected her to retaliation. For example, he allegedly falsely reported that she was absent and scheduled her for weekend shifts without her knowledge, resulting in unwarranted suspensions and other penalties.

Plaintiff further claims that the defendant employer failed to respond to her complaints and retaliated against her for complaining. As against defendants United Automobile, Aerospace and Agricultural Implement Workers of America Local 624 and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, which had a collective bargaining contract with the employer, plaintiff complains that they did not properly protect her interests.

The *pro se* amended complaint states that it is based on 42 U.S.C. § 2000e, *et seq.* ("Title

---

[1] The amended complaint also refers to the employer as "Magna Drivetrain."

VII"), 42 U.S.C. § 1981 ("section 1981"), and 42 U.S.C. § 1983 ("section 1983").

## DISCUSSION

On a motion to dismiss a complaint under Fed. R. Civ. P. 12(b)(6), the Court accepts as true the factual allegations of the pleading and draws all inferences in favor of the plaintiff. *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). Dismissal under Rule 12(b)(6) is proper only if it appears beyond doubt that the plaintiff can prove no set of facts which would warrant relief. *See Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994). Courts read *pro se* papers liberally, interpreting them "to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quote omitted).

In addressing Hall's motion to dismiss this *pro se* amended complaint, the Court accepts as true plaintiff's factual allegations, draws all inferences in her favor, and accords her pleading the most liberal reading. The Court finds that Hall is entitled to dismissal of plaintiff's Title VII claims against him on the ground that individuals are not subject to liability under Title VII. *See Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 221 (2d Cir. 2004). The Court further finds that plaintiff does not state a claim against Hall under section 1981 because she makes no claim that Hall discriminated against her on the basis of race, *see Brown v. City of Oneonta, New York*, 221 F.3d 329, 339 (2d Cir. 2000); rather, all of her claims of harassment, disparate treatment and retaliation against Hall are based on gender.[2] Nor does the amended complaint state a claim against Hall under section 1983, because Hall is not a state actor. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).

Therefore, giving the amended complaint the most liberal reading, the Court concludes that it appears beyond doubt that plaintiff can prove no set of facts which would entitle her to relief on any federal claim against Hall. The amended complaint does not set forth any state law

---

[2] Indeed, it appears from plaintiff's submissions that Hall is African-American.

claim against him. Accordingly, the amended complaint is dismissed as against Hall.

## CONCLUSION

It is therefore

ORDERED that the motion by defendant Jesse H. Hall to dismiss all claims against him pursuant to Fed. R. Civ. P. 12(b)(6) is granted.

IT IS SO ORDERED.

December 14, 2005
Syracuse, New York

Norman A. Mordue
U.S. District Judge