UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Janice E. Burke,**

                    **Plaintiff,**

                  **V.**                                      **5:04-CV-1430**
                                                                     **(NAM/GHL)**

**NEW VENTURE GEAR INC., Jesse H. Hall, Scott Stanton, President of UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA LOCAL 624, and Stephen Yokich, President of the INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA,**

                    **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Janice E. Burke
Plaintiff *pro se*

Hancock and Estabrook LLP
John T. McCann, Esq., of Counsel
1500 MONY Tower I
Syracuse, New York 13221
Attorneys for Defendant New Venture Gear, Inc.

Blitman & King LLP
Kenneth L. Wagner, Esq., of Counsel
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204-1415
Attorneys for Defendants United Automobile, Aerospace and
Agricultural Implement Workers of America Local 624, and
International Union, United Automobile, Aerospace and Agricultural
Implement Workers of America.

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

     The Court has reviewed the letter motion (Dkt. No. 39) by counsel for defendant New

Venture Gear, Inc., joined by counsel for the remaining defendants, seeking Court assistance in

obtaining medical authorizations and names of witnesses from the *pro se* plaintiff.  Particularly in view of the history of discovery in this case, the Court denies the letter motion without prejudice.  If defendants wish to pursue the relief requested, they are directed to make a formal motion, on or before March 16, 2007, supported by an attorney's affidavit, the deposition pages on which they rely, copies of the medical authorizations that they have forwarded to plaintiff, and other appropriate documentation.

Plaintiff has had ample opportunity to obtain counsel if she desired to do so.  Accordingly, she is deemed to have elected to proceed *pro se*.  Of course, plaintiff may appear by counsel at any time; however, no adjournments will be given to allow her to obtain counsel, nor will any adjournments be given to afford new counsel time to prepare.

Regardless of whether she obtains counsel or proceeds *pro se*, if plaintiff opposes the motion she is directed to file any opposing papers on or before March 28, 2007.  If plaintiff continues to proceed *pro se*, she is advised that any papers in opposition to the motion must be signed and notarized, and that they should explain in detail her reasons for contending that she should not be required to provide signed medical authorizations and a witness list.

**If plaintiff does not submit opposition papers on or before March 28, 2007, the Court will consider the merits of the motion, and, if warranted, will grant the motion and order plaintiff to provide defendants with signed medical authorizations and a witness list.  Plaintiff is hereby warned that if the Court does issue such an order and plaintiff fails to comply, it may result in dismissal of her case.**

**It is essential that plaintiff keep the Court and counsel apprised of her current address.  If she fails to do so, it may result in dismissal of her case.**

It is therefore

ORDERED that the letter motion (Dkt. No. 39) is denied without prejudice as set forth herein; and it is further

ORDERED that if defendants wish to pursue the relief requested in the letter motion (Dkt. No. 39) they must make a formal motion for such relief on or before March 16, 2007; and it is further

ORDERED that if defendants make such a motion, the Court will adjust the deadlines set forth in its letter order of February 8, 2007 (Dkt. No. 38); and it is further

ORDERED that if defendants make such a motion, plaintiff is directed to file any papers in opposition thereto on or before March 28, 2007, in accordance with the directions set forth above; and it is further

**ORDERED that if plaintiff does not submit opposition papers on or before March 28, 2007, as ordered, the motion will be granted if warranted;** and it is further

**ORDERED that plaintiff is hereby warned that if the Court does issue such an order and plaintiff fails to comply, it may result in dismissal of her case;** and it is further

ORDERED that no adjournments will be given to allow plaintiff to obtain counsel, nor will any adjournments be given to afford new counsel time to prepare; and it is further

**ORDERED that if plaintiff fails to keep the Court and counsel apprised of her current address, it may result in dismissal of her case.**

IT IS SO ORDERED.

DATE:  March 8, 2007
       Syracuse, New

Norman A. Mordue
Chief United States District Court Judge

-3-